#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HANNAH NICHOLS, individually; ) | |
| A.N., a minor child, individually; ) | |
| G.N., a minor child, individually; ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-779-D |
| ) | |
| JONATH GIPSON, individually; ) | |
| LOADTEX, INC., a foreign corporation; ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the court is Defendants' Second Partial Motion to Dismiss for Failure to State a Claim [Doc. No. 11]. Plaintiffs have responded in opposition to the motion [Doc. No. 13], and the time for reply has passed. The matter is at issue.

### BACKGROUND

This negligence action originally commenced in Oklahoma County District Court. Defendants removed the action to this Court based upon the existence of diversity jurisdiction. Plaintiffs seek to recover damages for injuries sustained from a motor vehicle accident involving a semi tractor-trailer unit driven by Defendant Jonath Gipson ("Gipson"). According to Plaintiffs, Gipson caused the accident "in attempting to make [a] negligent and/or reckless left turn in front of Plaintiffs' vehicle[.]" Doc. No. 8, ¶ 24. At the time of the accident, Gipson was operating the semi tractor-trailer unit within the

course and scope of his employment with Defendant, Loadtex Inc. ("Loadtex"). *Id*. at ¶ 16; *see also* Doc. No. 10 at ¶¶ 10, 27, 28, 33, 40.

In the Amended Complaint, Plaintiffs allege negligence and negligence *per se* claims against Gipson. They allege negligence, negligent entrustment, negligent hiring, training, supervision, and retention and negligence *per se* claims against Loadtex.[1] Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6) of the negligent entrustment claim and the negligent hiring, training, supervision, and retention claims. They also seek Rule 12(b)(6) dismissal of the negligence *per se* claims to the extent they are based upon alleged violations of the Federal Motor Carrier Safety Regulations (FMCSR) and the Commercial Driver's License (CDL) Manual. Defendants assert the claims are factually and legally defective and fail to meet the federal pleading standard.[2]

## STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when

---

[1] The negligence and negligence *per se* claims against Loadtex are based upon the doctrine of *respondeat superior*.

[2] Defendants filed their Rule 12(b)(6) motion after they filed their answer to Plaintiffs' Amended Complaint. *See*, Doc. No. 10. Generally, if a defendant makes a Rule 12(b)(6) motion after filing the answer, the motion should be treated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002) (citing Fed. R. Civ. P. 12(c) and 12(h)(2)). However, in keeping with the parties' designation, the Court refers to the motion as a Rule 12(b)(6) motion. *Id*. The Court applies the same standard when evaluating Rule 12(b)(6) and Rule 12(c) motions. *Id*.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint "does not need detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id*.

## DISCUSSION

### I.    Negligent Entrustment

"A 'claim for negligent entrustment exists when a person who owns or has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and an injury results therefrom.'" *Johnson v. Loutzenhiser*, Case No. CIV-20-704-D, 2020 WL 7327320, at *1 (W.D. Okla. Dec. 11, 2020) (quoting *Green v. Harris*, 70 P.2d 866, 868 (Okla. 2003). "Knowledge of the driver's incompetence is a necessary component of a negligent entrustment claim." *Id*. (citing *Green* and *Sheffer v. Carolina Forge Co.*, 306 P.3d 544, 548 (Okla. 2013)).

In the Amended Complaint, Plaintiffs allege Loadtex "knew or should have known, or had reason to believe that [] Gipson was incompetent, careless and/or reckless at the time of the entrustment of the subject power unit as to create an undue risk of harm to others" and "had prior knowledge (actual and/or constructive) of the risk of entrusting the subject power unit to Gipson." Doc. no. 8, ¶ 42. These allegations are, however, merely "labels and conclusions" that will not suffice to state a claim. *See*, Johnson, 2020 WL

3

7327320, at *1 (citing *Twombly*, 550 U.S. at 555). Setting aside these allegations, Plaintiffs have not alleged any facts related to Loadtex's knowledge of Gipson's incompetence, carelessness or recklessness. Consequently, the Court finds Plaintiffs have failed to adequately plead a claim for negligent entrustment against Loadtex, and Defendants' motion with respect to that claim must be granted.

Having determined that dismissal of the negligent entrustment claim is warranted, the Court must consider whether Plaintiffs should be granted leave to amend to correct the specified deficiencies. "Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Johnson*, 2020 WL 7327320, at *2 (quotations omitted). "However, leave to amend is not automatic and may be properly denied where an amendment would be futile." *Id*. (citation omitted).

It appears that the deficiencies of the negligent entrustment claim are capable of being cured by amendment. At this stage, the Court cannot conclude that an amendment would be futile. The Court will therefore dismiss the negligent entrustment claim without prejudice and permit Plaintiffs to file a second amended complaint to cure the specified deficiencies of the negligent entrustment claim.

## II.     Negligent Hiring, Training, Supervision and Retention

An employer "may be held liable for negligence in hiring, supervising or retaining an employee." *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). A claim against an employer for negligent hiring, training, supervision, or retention is "based on the employee's harm to a third party through employment." *Id*. An employer is found

4

...

liable if "at the critical time of the tortious incident[], the employer had reason to believe that the employee would create an undue risk of harm to others." *Id.* Prior knowledge of the employee's "propensity to commit the very harm for which damages are sought" is a necessary component of the negligent hiring, training, supervision, and retention claims. *Id.*

In the Amended Complaint, Plaintiffs allege Loadtex "had prior knowledge or should have known and/or had reason to believe that Gipson had a propensity to commit the very harm to which damages are sought by Plaintiffs." Doc. no. 8, ¶ 49. Again, these allegations are merely "labels and conclusions" that will not suffice to state a claim. Setting aside these allegations, Plaintiffs have not alleged any facts related to Loadtex's prior knowledge of Gipson's propensity to commit the very harm for which damages are sought. Thus, the Court finds Plaintiffs have failed to adequately plead claims for negligent hiring, training, supervision, and retention against Loadtex, and Defendants' motion with respect to the claim must be granted.

While Plaintiffs may be able to cure the specified deficiencies, the Court concludes that leave to amend is not warranted. In their motion, Defendants assert the negligent hiring, training, supervision, and retention claims are superfluous given Loadtex's concession of vicarious liability for any negligence attributed to Gipson. Plaintiffs represent in response that they are not asserting separate claims for negligent hiring, training, supervision, and retention. Doc. no. 13, ECF p. 4. According to Plaintiffs, those allegations "are nothing more than components of a negligent entrustment claim." *Id.* Contrary to Plaintiffs' representations, however, the Amended Complaint clearly alleges

5

separate claims of negligent entrustment and negligent hiring, training, supervision, and retention.  *See* Doc. No. 8, ¶¶ 42-46; ¶¶ 47-56.  This Court has previously determined that "separate negligent hiring, training, and supervision claims are superfluous in a case where vicarious liability has been established through stipulation."  *Sinclair v. Hembree & Hodgson Construction, L.L.C.*, Case No. CIV-18-938-D, 2020 WL 3965010, at *3 (W.D. Okla. July 13, 2020).  Because Loadtex has admitted vicarious liability, the Court finds the negligent hiring, training, supervision, and retention claims are superfluous.  Because any attempt to amend the negligent hiring, training, supervision, and retention claims would be futile,[3] the Court finds leave to amend the claims should be denied.  Therefore, Plaintiffs' claims for negligent hiring, training, supervision, and retention by Loadtex will be dismissed with prejudice.

## III.   Negligence *Per Se*

For their negligence *per se* claims, Plaintiffs rely in part on Defendants' alleged violations of the FMCSR, specifically, 49 C.F.R. § 392.2, and the CDL Manual, specifically, §§ 2.4, 2.4.1, 2.7, 2.7.6, 2.8 and 2.8.3.  Defendants contend Plaintiffs' negligence *per se* claims cannot be premised on violations of the FMCSR or the CDL Manual.

The Oklahoma Supreme Court has allowed a negligence *per se* claim based on violation of a federal regulation.  *See Howard v. Zimmer*, *Inc.*, 299 P.3d 463, 467-68, 472-

---

[3] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

6

73 (Okla. 2013).  Nonetheless, the Court agrees with the Honorable Claire V. Eagan that 49 C.F.R. § 392.2 which provides: "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated[,]" is "too vague to meet the positive objective standard test under Oklahoma . . . law" to support a negligence *per se* claim.  *Conway v. Lone Star Transporation, LLC*, Case No. 19-CV-0658-CVE-FHM, 2020 WL 609750, at *5 (N.D. Okla. Feb. 7, 2020) (citing *Smith v. Barker*, 419 P.3d 327, 333 (Okla. Civ. App. 2017)).  Thus, the Court finds Plaintiffs cannot rely upon a violation of § 392.2 to support the negligence *per se* claims.

Plaintiffs do not specifically address Defendants' challenge to their claims with respect to the alleged violations of the CDL Manual.  Pursuant to LCvR 7.1(g), the Court deems Defendants' motion confessed as to that issue.  Upon independent review, the Court finds dismissal of the negligence *per se* claims based upon alleged violations of the CDL Manual is warranted.  The Court has not found any relevant authority recognizing the CDL Manual as having "the full force and effect of law."  *Howard*, 299 P.3d at 468 (citation omitted).

As it appears any amendment to the challenged negligence *per se* claims would be futile, Plaintiffs' negligence *per se* claims to the extent they are based upon violations of the FMCSR, specifically, 49 C.F.R. § 392.2 and the CDL Manual, specifically, §§ 2.4, 2.4.1, 2.7, 2.7.6, 2.8 and 2.8.3., will be dismissed with prejudice.

## CONCLUSION

Based upon the foregoing, the Court **GRANTS** Defendants' Second Partial Motion to Dismiss [Doc. No. 11]. Plaintiffs' "Fourth Cause of Action – Negligent Hiring, Training,

7

Supervision, and Retention by Loadtex," and Plaintiffs' "Fifth Cause of Action - Negligence *Per Se*" to the extent based upon violations of the FMCSR, specifically, 49 C.F.R. § 392.2 and the CDL Manual, specifically, §§ 2.4, 2.4.1, 2.7, 2.7.6, 2.8 and 2.8.3, are **DISMISSED WITH PREJUDICE**. Plaintiffs' "Third Cause of Action - Negligent Entrustment by Loadtex" is **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs are **GRANTED** leave to file a second amended complaint to cure the specified deficiencies of the negligent entrustment claim against Loadtex within 14 days from the date of this Order. The second amended complaint shall not include the dismissed negligent hiring, training, supervision, and retention claims or the dismissed negligence *per se* claims based upon violations of the FMCSR and the CDL Manual. Defendants' response to the second amended complaint shall be filed in accordance with the deadline established by the Federal Rules of Civil Procedure. If Plaintiffs do not file a second amended complaint within 14 days from the date of this Order, this action shall proceed on the claims in the Amended Complaint which have not been dismissed by this Order.

**IT IS SO ORDERED** this 3rd day of December, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge